**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| CALLOWAY ESTATE TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2025-0907-CDW (LWW) |
| | ) | |
| MERCEDES-BENZ USA, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING EXCEPTIONS
AND ADOPTING MAGISTRATE'S FINAL REPORT**

A.     On August 1, 2025, the plaintiff filed a Complaint for Specific Performance, putatively on behalf of "Calloway Estate Trust," and filed an application for leave to proceed *in forma pauperis* (the "Application").[1]

B.     On August 7, 2025, the Magistrate in Chancery issued an Order Denying Motion for Leave to Proceed *In Forma Pauperis* (the "First IFP Order").[2] The First IFP Order explained that the plaintiff's attempt to complete the Application on behalf of Calloway Estate Trust rather than on behalf of the applicant, Jesse Calloway, was "in violation of Title 10, Section 8802(b), and cannot serve as a basis upon which this court can grant *in forma pauperis* status."[3]

---

[1] Compl. for Specific Performance (Dkt. 1); Aff. and Appl. for In Forma Pauperis (Dkt. 4).

[2] Denied – In Forma Pauperis Order (Dkt. 6).

[3] *Id.* ¶ I.

C.      On August 18, 2025, the plaintiff filed a second application to proceed *in forma pauperis*.[4]

D.      On August 19, 2025, the Magistrate issued an order denying the second application (the "Second IFP Order").[5]  The Second IFP Order explained that the second application failed because "it is based on a fiction—that [applicant Jesse Calloway] and [Calloway Estate Trust] are separate things."[6]  It stated that any further application would need to include "all of [the applicant's] financial information, none of it hidden behind the veil of [Calloway Estate Trust]."[7]

E.      By its terms, the Second IFP Order became a final report under Court of Chancery Rule 144 on September 4, 2025.[8]  Exceptions were due on or before September 15, 2025.[9]

F.      By letter postmarked October 23, 2025, the plaintiff sent a letter to Chancellor McCormick, taking issue with the Magistrate's characterization of his

---

[4] Aff. for In Forma Pauperis (Dkt. 8).

[5] Denied – In Forma Pauperis Order (Dkt. 11).

[6] *Id.* ¶ 2.

[7] *Id.* ¶ 3.

[8] *Id.* ¶ 5.c.

[9] *Id.*

filings and insisting that he had submitted the requisite information.[10]  He also filed

exceptions to the Second IFP Order (the "October Exceptions").[11]

G.     On November 10, 2025, Chancellor McCormick issued a Procedural

Review Order, asking the Magistrate to review the October Exceptions and

determine whether they should be heard as a procedural matter.[12]  The Procedural

Review Order also reassigned this matter to me for the limited purpose of reviewing

the exceptions, pending the Magistrate's procedural review.[13]

H.     On November 12, 2025, the Magistrate issued an addendum to the

Second IFP Order (the "Addendum Order") after completing his procedural review,

concluding that the October Exceptions were untimely.[14]  He recommended that the

October Exceptions be dismissed without further consideration and explained that

any exceptions to the Addendum Order could be taken on or before November 26,

2025.[15]

I.     By letter dated November 20, the plaintiff objected to the Magistrate's

Addendum Order (the "November Exceptions").[16]  He argued that "the denial of

---

[10] Letter from J. Calloway (Dkt. 12); *see also id.* at Exhibit (Dkt. 13) (envelope).

[11] Chancellor Review and Judicial Clarification of Final Order (Dkt. 13).

[12] Procedural Review Order (Dkt. 14) ¶ 2.

[13] *Id.*

[14] Addendum to Magistrate's Final Report (Dkt. 15) ("Addendum Order").

[15] *Id.* ¶¶ 4-5.

[16] Letter from Jesse Calloway (Dkt. 16); *see* Exhibit A (Dkt. 17).

leave to proceed in forma pauperis constitutes a violation of [e]quity and access to remedy for [a] non[-]corporate trust based entit[y] operating under the Law of Contracts and Law of Equity."[17]

NOW, THEREFORE, this 6th day of January, 2026, the court finds and orders as follows:

1.      It is not clear to me when the November Exceptions were received by the court.  I therefore err on the side of assuming that the November Exceptions were timely filed and proceed to substantively review them.

2.      I have conducted a *de novo* review of the November Exceptions, October Exceptions, first and second *in forma pauperis* applications, First IFP Order, Second IFP Order, Addendum Order, and all other filings in this case.[18]  A hearing is unnecessary.  I have carefully reviewed the record and determined that I can appropriately conduct a *de novo* review without a hearing.[19]  The matter before me does not depend upon witness testimony or credibility determinations.[20]

---

[17] Letter from Jesse Calloway 1.  Mr. Calloway also took issue with the Magistrate's description of him as a "sovereign citizen," which he views as a "derogatory term[]." *Id.* In affirming the Magistrate's determination that the October Exceptions were untimely, I need not—and do not—adopt the unwarranted labeling of Mr. Calloway.

[18] *See DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999) (explaining that the "standard of review for a master's findings . . . is *de novo*").

[19] *See id.* (observing that "[i]t is possible . . . to conduct a review *de novo* on the record").

[20] *See id.*; *accord Lynch v. City of Rehoboth Beach*, 2005 WL 2000774, at *1 n.3 (Del. Ch. Aug. 16, 2005) ("When the parties except to one or more of the Master's findings from the

3.      Court of Chancery Rule 144(d)(1) provides that in actions that are not summary in nature or in which the court has not ordered expedited proceedings, "[a] party taking exceptions must file a notice of exceptions within [eleven] days of the date of the [report]."[21]

4.      The Second IFP Order became a final order on September 4, 2025.[22] As the Second IFP Order and Addendum Order correctly explained, any exceptions to the Second IFP Order were due on or before September 15, 2025.[23]

5.      Yet the October Exceptions were not filed until after October 23, 2025, given the fact that they were postmarked on that date.[24]  The October Exceptions were late by over a month.  The plaintiff did not seek an extension, and no extension was granted.  None of the plaintiff's arguments provide grounds to excuse non-compliance with the deadline.

6.      I agree with the Magistrate's conclusion in the Addendum Order.  The October Exceptions were untimely.

---

evidence in the case, the Court can read the record that is relevant to the exceptions raised and draw its own factual conclusions.").

[21] Ct. Ch. R. 144(d)(1); *see also* Ct. Ch. R. 6(a).

[22] *See supra* ¶ E.

[23] *See* Addendum Order ¶ 2.

[24] *See supra* ¶ F.

7.      Accordingly, the November Exceptions are overruled.  The Second IFP

Order is adopted and affirmed as an order of this court.

IT IS SO ORDERED.


                                        _/s/ Lori W. Will_____
                                        Vice Chancellor Lori W. Will